STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. JOHN J. FITZGERALD, RESPONDENT.

416 N.W.2d 28

Filed December 4, 1987.   No. 87-206.

Dennis Carlson, Counsel for Discipline, and Alison Larson, for relator.

John H. Kellogg, Jr., for respondent.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is an original disciplinary proceeding against John J. Fitzgerald, an attorney admitted to practice in Nebraska. The referee appointed by this court has filed a report containing findings of fact and recommendations.

The facts in this case are not in dispute. In 1980 Fitzgerald was hired by G. Maxine Hoskins to represent her as the executrix of the estates of Gertrude P. Schrank and Helen A. Schrank. On April 23, 1984, Fitzgerald received the amount of $3,730.32 from Hoskins for the purpose of paying the inheritance tax due on both Schrank estates. Fitzgerald deposited the amount into an account entitled "John J. Fitzgerald, Atty at Law, Escrow Account." Fitzgerald subsequently withdrew a total of $3,630 from the account for personal use. The inheritance tax went unpaid until May 5, 1986, when Fitzgerald voluntarily paid $5,997.36, representing the amount due and owing plus accrued interest and penalties.

Fitzgerald admits that his action constitutes a violation of the Code of Professional Responsibility. See, Canon 1, DR 1-102, and Canon 9, DR 9-102, of the Code of Professional Responsibility. We need only now determine the appropriate discipline.

In *State ex rel. NSBA v. Miller*, 225 Neb. 261, 265, 404 N.W.2d 40, 43 (1987), this court said that "[w]hile we have previously held that conversion of a client's funds requires disbarment [citations omitted], we have also held that 'disbarment is inappropriate in the absence of specifically delineated injuries' to a client as a result of an attorney's misconduct. [Citations omitted.]" In this case no damage, financial or otherwise, has been suffered by the estates or their heirs, or by the client, G. Maxine Hoskins.

We have also held that mitigating circumstances should be considered in determining the appropriate discipline. *Id.*

Fitzgerald was involved in two automobile accidents, one in 1982 and one in 1983, and suffered serious personal injuries in

both accidents. The injuries prevented Fitzgerald from practicing law on a full-time basis in 1983 and 1984, and resulted in a substantial loss of income. While this situation may explain the respondent's conduct, it does not constitute a mitigating factor in the sense that it excuses or justifies the respondent's conduct.

There are, however, a number of mitigating circumstances in this case. In *Miller, supra* at 266, 404 N.W.2d at 43, we said that "[w]hile an attorney's restitution of a client's converted funds *prior* to being faced with accountability may not exonerate such misconduct, restitution . . . is a significant mitigating factor to be considered in determining an appropriate sanction for an attorney's conversion of a client's funds." Fitzgerald's restitution in this case is a significant mitigating factor.

The record also contains evidence of the following mitigating circumstances: (1) absence of complaint from any client; (2) cooperation with the Counsel for Discipline in disposing of the charges, which are neither denied nor minimized by Fitzgerald; (3) a previously unblemished record as an attorney; (4) overwhelming remorse; and (5) a reputation of good moral character.

The respondent filed with this court a "Conditional Admission" which accepts responsibility and punishment upon this court's acceptance of the following terms:

a. That the Court enter an Order suspending him from the practice of law for a period of one (1) year;

b. That the period of suspension commence on January 1, 1988;

c. That John J. Fitzgerald be permitted to function in a non-lawyer paralegal and/or law clerk capacity during the period of his suspension;

d. That prior to reinstatement John J. Fitzgerald will complete a course on legal ethics at an ABA accredited law school.

e. That all costs of this action be taxes [sic] to John J. Fitzgerald.

The referee in this case recommended substantially the same punishment. Counsel for Discipline has not taken exception to this recommendation or the respondent's conditional

admission.

Fitzgerald's violation of the Code of Professional Responsibility is a serious matter. We agree, however, that under the circumstances suspension is the appropriate sanction.

It is therefore the judgment of this court that the respondent, John J. Fitzgerald, be, and hereby is, suspended from the practice of law in Nebraska for a period of 1 year, effective January 1, 1988. All other terms of respondent's "Conditional Admission" are accepted and ordered.

JUDGMENT OF SUSPENSION.